**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTIAN MECCARIELLO, ) ) Plaintiff, ) ) v. ) ) TRANS UNION, LLC, EXPERIAN ) INFORMATION SOLUTIONS, INC., ) EQUIFAX INFORMATION SERVICES, ) LLC and WELLS FARGO BANK, N.A., ) ) Defendants. ) ) ) | Civil Action No. |

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Christian Meccariello brings this civil action for damages against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") for violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §1601, et seq., and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693, et seq. Plaintiff further brings this action for damages against Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Wells Fargo for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.

## THE PARTIES

1. Plaintiff Christian Meccariello is an adult individual residing in Philadelphia, Pennsylvania.

2. Defendant Wells Fargo is a national banking association registered to conduct business in the Commonwealth of Pennsylvania.

3.  Defendant Trans Union is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

4.  Defendant Experian is an Ohio corporation registered to conduct business in the Commonwealth of Pennsylvania.

5.  Defendant Equifax is a Georgia limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

## JURISDICTION & VENUE

6.  This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

7.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

8.  Plaintiff is a "person" and "consumer" as those terms are defined by TILA, EFTA, and the FCRA.

9.  Wells Fargo is a "creditor" and "card issuer" under TILA, a "financial institution" under EFTA, and a "furnisher" under the FCRA.

10. Trans Union, Experian, and Equifax are "consumer reporting agencies" as defined by the FCRA, and regularly sell credit reports constituting "consumer reports" about Plaintiff.

11. Plaintiff possesses a demand deposit checking account and a credit card account with Wells Fargo.

2

12. On or about November 5, 2025, Plaintiff was the victim of a fraudulent scheme wherein the perpetrators, already having access to Plaintiff's online login information, posed as Wells Fargo employees alerting him to phony fraudulent charges on his account in order to obtain authentication codes from him so that they could takeover his accounts and then steal money out of them.

13. While Plaintiff accounts were taken over perpetrators executed unauthorized transfers totaling $9,648.27, which consisted of a $9,000.00 cash advance on his Wells Fargo credit card which was transferred to his checking account and then and a $9648.27 transfer from his Wells Fargo checking account which the perpetrators presumably transferred to their own accounts.

14. The person(s) using the accounts did not have actual, implied, or apparent authority to perform these transactions, constituting "unauthorized use" under TILA and an "unauthorized electronic fund transfer" under EFTA.

15. Plaintiff promptly called Wells Fargo customer service in a matter of minutes that same evening, reported the fraud, and initiated fraud claims.

16. Despite immediate reporting and clear evidence of third-party fraud, Wells Fargo denied Plaintiff's claims on November 18, 2025, stating he "received the benefit of the proceeds.

17. Plaintiff disputed again to Wells Fargo, which upheld its's denial on December 12, 2025.

18. On January 14, 2026, Plaintiff formally disputed the inaccurate and fraudulent credit card balance with Trans Union, Experian, and Equifax.

19. Upon information and belief, the consumer reporting agencies notified Wells Fargo of Plaintiff's disputes.

20. Notwithstanding Plaintiff's efforts, TransUnion, Experian and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information.

3

21. Trans Union, Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

22. TransUnion, Experian and Equifax negligently and recklessly failed to conduct reasonable investigations of Plaintiff's disputes, inter alia, by: failing to review and consider the information and payoff documentation submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about her disputes; failing to contact persons or entities with knowledge about the account; and failing to properly communicate the substance of the disputes to the relevant furnishers of the account at issue.

23. TransUnion, Experian and Equifax also acted recklessly, inter alia, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

24. Wells Fargo has also negligently and recklessly failed to conduct timely and reasonable investigations both after receiving disputes from Plaintiff directly and after receiving notice of Plaintiff's disputes from Trans Union, Experian and Equifax, inter alia, by: failing to properly review the relevant account information; failing to review and consider the transaction history which unambiguously shows fraudulent activity occurring which was even detected by its own fraud monitoring systems; and failing to contact Plaintiff to elicit more specific information about her disputes.

25. Wells Fargo also acted recklessly, inter alia, when it knowingly verified the accuracy of the account despite having full knowledge that the transactions that occurred where fraudulent and by routinely conducting investigations in the manner described above, and further, knew or

4

should have known that the way it investigates disputes would result in erroneous verification of fraudulent account information similar or identical to the result of the disputes here.

26. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of out of pocket loss from fraudulent transfers which were not recredited to him, out of pocket lost from increased monthly payments for the fraudlent charges, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

### COUNT I - WELLS FARGO
### VIOLATIONS OF TILA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Wells Fargo violated TILA by negligently and willfully holding Plaintiff responsible for credit card transactions that constituted unauthorized use. 15 U.S.C. § 1643(d).

31. The conduct of Wells Fargo was absent bona fide error and a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

32. As a result of the violations of TILA identified herein, Wells Fargo is liable to Plaintiff for damages to include: statutory damages, actual damages, costs of this action and attorney's fees. 15 U.S.C. § 1640(a).

## COUNT II - WELLS FARGO
## <u>VIOLATIONS OF EFTA</u>

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein. Wells Fargo violated EFTA by negligently and willfully failing to conduct a good faith investigation without a reasonable basis for concluding Plaintiff's account was not in error regarding the unauthorized electronic funds transfer. 15 U.S.C. § 1693f(e)(1)(A) & 1693f(e)(1)(B).

34. Wells Fargo further violated EFTA by knowingly and willfully concluding that Plaintiff's account was not in error when such a conclusion could not be drawn from evidence available at the time of its investigations. 15 U.S.C. § 1693f(e)(2).

35. As a result of the violations of the EFTA by Wells Fargo identified herein, the Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, treble damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1693f(e) & 1693m.

## COUNT III - TRANS UNION, EXPERIAN AND EQUIFAX
## <u>VIOLATIONS OF THE FCRA</u>

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Trans Union, Experian and Equifax violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports about Plaintiff. 15 U.S.C. § 1681e(b).

38. Trans Union, Experian and Equifax also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes. 15 U.S.C. § 1681i(a).

39. The conduct of Trans Union, Experian and Equifax was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff.

40. As a result of the violations of the FCRA by Trans Union, Experian and Equifax identified herein, these Defendants are liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

### COUNT IV - WELLS FARGO
### VIOLATIONS OF THE FCRA

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. Wells Fargo, acting as a furnisher, violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes after receiving notice from the consumer reporting agencies. 15 U.S.C. § 1681s-2(b).

43. The conduct of Wells Fargo was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

44. As a result of the violations of the FCRA by Wells Fargo identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o

### JURY TRIAL DEMAND

45. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief: (a) actual damages; (b) statutory damages;

7

(c) treble damages; (d) punitive damages; (e) costs and reasonable attorney's fees and (f) such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

GREGORY GORSKI
PA Attorney ID: 91365
610 Old York Road, Suite 400
Jenkintown, PA 19046
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: May 19, 2026

8